IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEHMET YAMAN, | ) | CASE NO. 4:26-CV-00495 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| FIELD OFFICE DIRECTOR, DETROIT | ) | |
| FIELD OFFICE, U.S. IMMIGRATION | ) | |
| AND CUSTOMS ENFORCEMENT, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Respondents. | ) | **ORDER** |

On February 27, 2026, Petitioner Mehmet Yaman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking either immediate release from the custody of Immigration Customs and Enforcement ("ICE") or a bond hearing before the Immigration Judge. (ECF No. 1).  Petitioner is a Turkish national and noncitizen of the United States.  (*Id.* at PageID #2).  According to the petition, Petitioner entered the United States without inspection in March 2023; he was briefly detained by the Department of Homeland Security ("DHS"), before being released and served with a notice to appear.  (*Id.*).  The notice stated that the Petitioner is "an alien present in the United States who has not been admitted or paroled" subject to removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  On August 18, 2023, Petitioner filed an application for asylum with the Immigration Court.  (*Id.*).

While Respondents claim that Petitioner is subject to mandatory detention pending removal under 8 U.S.C. § 1225(b)(2)(A), Petitioner argues that this statute does not apply to him.  (*Id.* at PageID #8).  Rather, Petitioner states that he is detained under the permissive detention scheme of § 1226(a), rendering him eligible for release on bond.  (*Id.*).  According to Petitioner, Respondent's

1

failure to provide that bond hearing violates Petitioner's due process rights under the Fifth Amendment and violates the INA. (*Id.* at PageID #8–9).

Respondents filed a return of writ, arguing (1) this Court lacks jurisdiction to hear the petition; (2) Petitioner has not exhausted administrative remedies; (3) Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A); and (4) Petitioner's detention does not violate due process. (ECF No. 4). Petitioner filed a reply brief in support of his petition addressing Respondents' arguments. (ECF No. 5). The Court held oral argument on the Petition on April 9, 2026. On April 9, 2026, Petitioner filed a motion to amend the petition to drop Respondent Warden of the Northeast Ohio Correctional Center and add Respondent Field Officer Director, Detroit Field Office, U.S. Immigration Customs and Enforcement. (ECF No. 11). That motion is **GRANTED**. Petitioner's amended petition, which makes no substantive changes from the original petition, is accepted. (ECF No. 12).

On May 13, 2026, Respondents filed a Notice of Adverse Decision, informing the Court that they believe the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026) requires this Court to grant the petition. (ECF No. 13). Respondents state that, "pursuant to *Lopez-Campos*, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment." (*Id.* at PageID #122–23). Accordingly, Respondents requests the Court to "order a bond hearing to be conducted by an immigration judge under 8 U.S.C. § 1226(a) within seven days of the issuance of the order or immediately release Petitioner." (*Id.* at PageID #123).

Respondents are correct. Title 8 U.S.C. § 1225 states that a noncitizen "present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Relevant here, §

2

1225(b)(2)(A) states, "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Section 1226(a), on the other hand, applies to noncitizens "arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Noncitizens detained under § 1226(a) are eligible for bond or conditional parole, with certain exceptions that do not apply here. *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); 8 U.S.C. § 1226(a)(2)(A)–(B), (c).

According to *Lopez-Campos*, "§ 1225(b)(2)'s mandatory detention scheme applies to certain noncitizens who seek admission into the country, whereas § 1226(a)'s permissive detention scheme applies to all other noncitizens pending a decision on their removability, with exceptions." 2026 WL 1283891, at *3. Noncitizens "who did not attempt lawful entry into the United States . . . are not 'seeking admission' and are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme." *Id.* at *4. As such, noncitizens who did not seek admission into the United States and who are already present in the United States can be detained "pursuant to only §1226(a)." *Id.* at *11. An asylum applicant is likewise not "seeking admission" because asylum applications are not presented to an "examining immigration officer." *Id.* at *9. Instead, "an immigration judge, who is expressly not an immigration officer" receives and reviews those claims. *Id.*

Petitioner falls squarely into the category of noncitizens identified by *Lopez-Campos* who can be detained only under § 1226(a). Petitioner entered the United States without inspection and was never inspected by an immigration officer. (ECF No. 1, PageID #2; ECF No. 12, PageID #110). Petitioner's asylum application does not alter the authority under which he is detained.

3

Respondents have therefore denied his due process rights under the Fifth Amendment by their failure to hold a bond hearing to which he is entitled.

For the foregoing reasons, the Court **GRANTS** the Amended Petition for a Writ of Habeas Corpus.  Respondents are **ORDERED** to hold a hearing no more than **SEVEN BUSINESS DAYS** after the filing of this Order to determine whether Petitioner is entitled to discretionary bond under §1226(a) and consistent with this Court's Order.

**IT IS SO ORDERED.**

Date: June 1, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**